## Hennessey v. American Mutual Insurance Company

*Drew S. Dorfman,* for plaintiffs.
*Harry G. Mahoney,* for defendant.

GAFNI, *J.* September 13, 1982—Defendant, American Mutual Insurance Company (American) has petitioned the court to vacate and/or modify or correct the award of a panel of arbitrators in this uninsured motorist's claim.[1]

## I. FACTS

On or about July 7, 1980, plaintiffs, Frank Hennessey (Hennessey) and Jill Rupp (Rupp) were driving in an automobile owned and operated by Hennessey when they were involved in an accident with another automobile. The insurance carrier for the other automobile, Allstate Insurance Company, disclaimed coverage for the accident. Plaintiffs then brought an uninsured motorist claim against Hennessey's insurer, American, pursuant to the uninsured motorists provision of the Hennessey-American insurance policy.

---

1. Act of August 14, 1967, P.L. 909 §1, as amended, (40 P.S. §2000 et seq.).

The arbitrators entered an award in favor of Hennessey in the amount of $15,000 and in favor of Rupp in the amount of $5,500. The arbitrators also awarded delay damages under Pa.R.C.P. 238[2] in favor of Hennessey in the amount of $1,800 and in favor of Rupp in the amount of $595.

This petition to vacate and/or modify or correct the arbitrators' award raises two issues: (1) is it within the jurisdiction of an arbitrator in an arbitration brought pursuant to an uninsured motorist provision in an insurance policy to impose delay damages under Rule 238; and, (2) if it is within the arbitrators' jurisdiction to impose delay damages, can the award, including delay damages, exceed the policy limits under the uninsured motorist provision.[3]

---

2. Pa.R.C.P. 238.

3. Defendant insurance company also argues that Rule 238 applies to tort actions only, and since an uninsured motorist claim is contractual in nature (arising under the insurance contract), the rule should not apply to such claim. This court agrees that Rule 238 applies to tort litigation, as indicated by the Supreme Court of Pennsylvania in Laudenberger v. Port Authority of Allegheny County, 496 Pa. 52, 436 A.2d 147 (1981), where the court stated that "[r]ule 238 provides compensation to a plaintiff for delay in receiving the monetary damages owing as a result of a defendant's tort." Id. at 65, 436 A.2d at 154. (emphasis added). The Supreme Court also noted that "[t]he restrictions placed on the Pennsylvania rule (238) encourage early disposition of tort litigation." Id. at 159, 436 A.2d at 151. (Emphasis added). This court, however, rejects defendant's oversimplified distinction in this area between tort and contract. Defendant's argument ignores the true character of the uninsured motorist claim. An uninsured motorist provision is an agreement between the parties whereby they choose the forum in which to litigate the tort. The contract and tort theories are not so easily separated as defendant suggests. For this reason, this court has considered the issues raised in this case on their merit.

It is the opinion of the court that it is not within the jurisdiction of arbitrators acting pursuant to uninsured motorist claims to award delay damages under Rule 238. Consequently, the court need not address the second issue presented here.

## II. DISCUSSION

Rule 238 provides in pertinent part:

(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. §30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. §1301.101 et. seq., shall;

(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, which ever is later, up to the date of the award, verdict or decision.

When the Supreme Court of Pennsylvania adopted Rule 238, it allowed both courts and arbitrators to award delay damages. However, the language of the rule limits the class of arbitrators qualified to apply the rule to those "appointed under the Arbitration Act of June 16, 1836 . . . or the Health Care Services Malpractice Act of October 15, 1975 . . ." Id. The concept expressed in the maxim "inclusio unius est exclusio alterius" is fully applicable in these circum-

stances. The Supreme Court of Pennsylvania, by including certain arbitrators in the rule, was implicitly indicating to the courts that only those, and no others, could award delay damages. No mention is made in the rule of either statutory[4] or common law[5] arbitrators.

This court also finds that the policy underlying Rule 238 will not be advanced by affording common law and statutory arbitrators the power to award delay damages in uninsured motorist cases. The purpose of Rule 238 is to "alleviate delay in the disposition of cases, thereby lessening congestion in the courts." Laudenberger v. Port Authority of Allegheny County, 496 Pa. 52, 59, 436 A.2d 147, 151 (1981).[6] This purpose is pursued under the rule through the encouragement of pre-trial settlements. Id.[7] Presumably, the threat of delay damages will encourage parties to engage in responsible settlement negotiations prior to trial.

Similarly, by granting the right to award delay damages in compulsory arbitrations,[8] the purpose of the rule is furthered because such proceedings are subject to all of the problems of congestion and delay attendant upon court proceedings, particularly as the jurisdictional monetary limit of arbitrators is

4. 42 Pa.C.S. §§7301-20.

5. 42 Pa.C.S. §7341.

6. In Laudenberger, the Pennsylvania Supreme Court ruled on the constitutionality of Rule 238.

7. As stated in Laudenberger,

Rule 238 awards damages for delay only in cases where the defendant made no settlement offer prior to trial or where the defendant made an offer of settlement which was 25% less than the amount of the jury verdict. Such language clearly reflects a primary desire to encourage pre-trial settlement.

Laudenberger v. Port Authority of Allegheny County, 496 Pa. 52, 59, 436 A.2d 147, 151 (1981).

8. 42 Pa.C.S. §7361 et seq.

increased. Moreover, unlike other arbitration matters, these are subject to the direct supervision of courts and judges[9] who are responsible for numerous matters including filing, docketing, service, reviewing preliminary motions and objections, and disagreements as to discovery. It is intended that this delay and congestion be alleviated by affording judicial arbitrators the power to award delay damages under Rule 238, and, therefore, the power to encourage pre-trial settlements at the arbitration stage.

The rule's purpose is not, however, advanced by affording statutory and common law arbitrators in uninsured motorist cases this power to award delay damages. Parties to statutory and common law arbitrations may only petition the court to vacate, modify or correct an arbitrator's decision.[10] They have no right to appeal for a trial de novo in the courts. A court's review of these petitions to vacate, modify or correct encompasses a scrutiny of the record only. This review, as contrasted to a trial de novo, is de minimis, and does not materially contribute to delay and court congestion as does a full trial. Therefore, Rule 238's purpose of avoiding delay and congestion in the courts would not be served by affording the power to award delay damages under the rule to these arbitrators.

This court holds that Rule 238 does not apply to statutory and common law arbitrations in uninsured motorist claims. In so holding, this court recognizes that some parties may have been misled by its earlier opinion in Woodland v. Erie Company, June term, 1982, no. 3721 (June 11, 1982). In fact, there is no inconsistency. In Woodland, the arbitrators

9. See 42 Pa.C.S. §7361(d) (parties in compulsory arbitrations have the right to appeal for a trial de novo in the courts).

10. Under statutory arbitrations, see 42 Pa.C.S. §7314.

specifically denied a request for delay damages under Rule 238. Id. at 6. Therefore, the issue of whether arbitrators in uninsured motorist cases have the power to award delay damages under Rule 238 was not before the court. By stating in Woodland that "an award of damages under Pa.R.C.P. 238 is within the purview of the arbitrators' jurisdiction," id. at 6-7, (citing White v. Concord Mutual Insurance Co., 296 Pa. Super. 171, 175, 442 A.2d 713, 715 (1982)), this court intended only to indicate that the arbitrator has exclusive jurisdiction over the application of issues arising under an arbitration provision. This dictum was not intended to imply that the court was ruling on the separate issue of the power of the arbitrator under Rule 238 to award delay damages in uninsured motorist cases.

In ruling today, the court is guided by Pa.R.C.P. 127(a) which provides that "[t]he object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 127(a). It is within the jurisdiction of this court to interpret the Pennsylvania Rules of Civil Procedure, but not to extend them beyond the scope intended by the Supreme Court. As Judge Lord has stated in Greenspan v. United States Automobile Association, November term, 1981, no. 2992 (January 13, 1982), "[p]erhaps Rule 238 should be made applicable to uninsured motorist claims . . . but so far it has not." Id. at 2. The Supreme Court of Pennsylvania may well wish to consider whether justice would not better be served by imposing an obligation on the parties to seek a settlement even in statutory or common law arbitration cases. Until such time as the rule is made applicable to uninsured motorist claims, however, this court must accept it as reflecting the only circumstance under which the Supreme Court intended to allow the award of delay damages.

## ORDER

And now, this September 13, 1982, upon consideration of the within petition, it is hereby ordered that the award of arbitrators to Jill Rupp be vacated as to delay damages under Pa.R.C.P. 238 and that the award is limited to $5,500 and that the award of arbitrators to Frank Hennessey be vacated as to delay damages under Pennsylvania Rule of Civil Procedure 238 and that the award is limited to $15,000.